## Rucker's Adm'r v. Roadway Express, Inc.

May 26, 1939.

As Corrected on Denial of Rehearing Oct. 6, 1939.

J. S. Sandusky, Judge.

708

B. J. Bethurum and Robert B. Bird for appellant.

Stephens & Steely and Williams & Denny for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On September 2, 1936, William Rucker was killed in a collision between two trucks in Rockcastle County. The appellant, as his administrator, filed suit in the Rockcastle Circuit Court on December 17, 1936, against the appellee, Roadway Express, Inc., for the alleged negligent killing of his intestate. On application of appellee that action was removed to the Federal Court and in that court appellee filed motion to quash the summons and the return of the sheriff thereon for the reason that the summons should have been served upon its designated process agent. A copy of this motion to quash, showing the name of the process agent, was delivered to Robert B. Bird, attorney for the plaintiff. The action was dismissed without prejudice at the May term, 1937, of the U. S. District Court on motion of the plaintiff.

The present action was filed against the same defendant in the Rockcastle Circuit Court on August 31, 1937. On that date summons was issued by the clerk directed to the sheriff of Jefferson County and delivered to Mr. Bird, who took it to his office. It was never executed. On October 13, 1937, new process was issued, directed to the sheriff of Jefferson County, delivered to Mr. Bird and immediately executed.

By answer as amended, the appellee pleaded the one-year statute of limitation, alleging that the filing of this action and issuance of process on August 31 was not in good faith because the process was not delivered to the sheriff for service.

Upon the calling of the case for trial, the court, pursuant to motion of appellee, heard evidence upon the plea of limitation and, after this evidence was heard, was of the opinion that the plea of limitation was well

taken and dismissed the petition. From the judgment dismissing this petition, appellant prosecutes this appeal.

Mr. Bird, in his testimony, accounts for his failure to forward the process issued on August 31 to the sheriff of Jefferson County in the following manner: He says he took it to his office, expecting to find there the name of appellee's process agent in the copy of the motion above referred to made in the Federal Court, but could not find the motion; that he went to the office of Mr. Denny, one of defendant's attorneys, two or three times, attempting to ascertain the name of this process agent, but Mr. Denny could not find it, but finally told him that he could probably find it in a certain suit which had been filed in court. The summons was placed by him in a basket on his desk. During the time he was investigating concerning the name of the process agent his wife became ill and it was necessary for him to take her to the hospital where she was confined for a period of about three weeks. During the time she was in the hospital he attended to no business in his office except to answer mail. When he got back to his office and settled down, he came to the clerk's office again and made another effort to ascertain the name of the process agent, but was unable to do so. He conferred with Mr. Denny again, who gave him the name of a suit in which he could find the name of the process agent. He did not find the name in this suit, but did find it on the docket where the process in that suit had been copied. When he got back to the office he did not find the original summons as it had been misplaced. He thereupon had the new summons issued. Later on the stenographer in his office found the original summons in one of his father's files, where it had become mixed up with some other papers. Mr. Denny corroborates the testimony of Mr. Bird to some extent by testifying that Mr. Bird talked to him three or four times concerning the name and address of the defendant's process agent.

Section 2516, Kentucky Statutes, provides that an action for an injury to the person of the plaintiff shall be commenced within one year next after the cause of action accrued and not thereafter. Section 2524 of the Statutes provides:

"An action shall be deemed to have been commenced at the date of the first summons or process

issued in good faith from the court or tribunal having jurisdiction of the cause of action.''

The action was filed within one year after plaintiff's cause of action accrued and summons was issued. Thus we have presented for decision the question whether the summons was issued in good faith. In short, did the retention of the summons by plaintiff's attorney for a period of six weeks under the circumstances shown in evidence establish that the summons was not issued in good faith?

In Louisville & Nashville Railroad Company v. Litlte, 264 Ky. 579, 95 S. W. (2d) 253, 255, the one-year limitation expired on February 3. Action was filed on January 15, and summons issued and delivered to plaintiff's attorney, who placed it in his office file and did not deliver it to the sheriff for forty-three days thereafter. This attorney merely said that the matter was overlooked, but the plaintiff's father, who was looking after the litigation for him, stated that he had advised the attorneys that he wanted to get the summons executed on Maxwell (a joint defendant with the railroad company) before it was served on the company. The summons, when finally executed on March 10, was executed both on Maxwell and the railroad company. It was held under these circumstances that the plaintiff's action was barred by limitation. We are in thorough accord with this holding. An able and exhaustive review of the authorities having any reasonable bearing on this question was undertaken in the opinion, and, for that reason, it is not necessary to do so again here. The court in that case said:

> ''The taking out of summons is presumptive evidence of an intention to have it served in due course, but that presumption may be rebutted by the facts. It may have been issued to be used or not, as circumstances thereafter required. Service may have been intentionally withheld by direction of the plaintiff until the occurrence of an event upon which his decision as to effecting the process depended. In other words, causing a summons to be issued by the clerk conditionally is not causing it to be issued in good faith. An intention to postpone starting the litigation is thereby evidenced. All the authorities are to the effect that the cause of action is not commenced until there is a bona fide intention to have

the summons filled out and signed by the clerk, accompanied by bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment. Action and intention combined constitutes the commencement of the suit, because a summons filled out and signed with no intention of having it served is altogether inoperative.''

In line with the above quoted language, the taking out of the summons in the case at bar was presumptive evidence of an intention to have it served in due course. There is no pretense in this case that there was any withholding of the summons until the occurrence of an event upon which the plaintiff's decision as to effecting service of the process depended as in the Little case. In that case plaintiff had in mind that the summons was not to be served on the railroad company until service could be secured on the other defendant. This might never have happened. The plaintiff was deliberately and willfully postponing the execution of the process and an intention to postpone the starting of the litigation was thereby evidenced. If, when the summons was issued, the plaintiff had a bona fide, unequivocal intention to have it served presently or in due course or without abandonment, the summons was issued in good faith. However, retention of process for a long period of time, with no excuse offered, may, in itself, be evidence showing lack of intention of service, or intention to postpone the starting of litigation.

Do the circumstances here show an intention on the part of the plaintiff to have the summons executed presently? It seems clear to us that such intention is shown and that the plaintiff's attorney had no intention of abandoning service of the summons. His course of conduct shows that he was making inquiry for the purpose of having the summons served. It is true that such course of conduct was rather feeble and, from a lawyer's viewpoint, rather ineffective. The attorney could have written the secretary of state and ascertained the name of the process agent. More diligence would have revealed the name of the attorney at an earlier date. However, we are not concerned with the question of diligence, but only with the question of good faith.

Taking the testimony as a whole and considering the fact that the attorney's wife was in the hospital for

712

three of the six weeks during which the summons was held up, we are of the opinion that the evidence discloses a good faith intention to have the summons presently executed without any abandonment of such intention. Plaintiff's attorney was undoubtedly guilty of negligence, negligence which comes perilously near to barring his client's right of action, but the statute does not say that negligence in the execution of a summons after it is issued will bar the right of action. Such bar is effective only if there was a lack of good faith—lack of intention to have the summons presently executed when issued. A mere negligent delay, if of sufficient length of time, may have the effect of indicating a lack of good faith in having the process issued. We would be willing to say that a delay of six weeks in placing the summons in process of execution, without excuse and without circumstances indicating a present intention of having the summons executed, would be sufficient to show a lack of good faith. We hold only that the circumstances shown in this particular case are not such as to negative a lack of good faith at the time the summons was issued or to indicate abandonment of intention to have it executed in due course.

The judgment is reversed for further proceedings consistent with this opinion.

The whole court sitting.

Judge Thomas dissenting.