## Hausman's Adm'r v. Poehlman.

January 23, 1951.

J. Wirt Turner, Judge.

454

Lawrence S. Grauman and Bernard B. Davis for appellant.
Kinsolving & Reasor for appellee.

CHIEF JUSTICE CAMMACK—Reversing.

The appellant, Herman Cohen, administrator of the estate of Carl L. Hausman, deceased, filed this action against the appellee, Colonel Frank Poehlman, to recover for the death of Mr. Hausman, who was killed on June 29, 1947, while a passenger in the appellee's car. The court sustained the appellee's plea of the one year statute of limitations, KRS 413.140, and from a judgment to that effect this appeal is taken.

This action was originally filed on June 8, 1948, and summons was served according to KRS, Chapter 188, on the Secretary of State, who sent a registered letter to the appellee at the address given in the petition, 311 College City, Pennsylvania. This letter was returned to the Secretary of State marked "No such post office in state named," and was filed with the papers in the case on June 24, 1948. The address given in the petition was one obtained from the Kentucky State Highway Patrol by letter dated July 18, 1947. Sometime in June, 1948, the appellant was in Shelbyville on another case and inquired of the clerk as to whether any return had been made on the summons; but the clerk informed him that the file was not in the office. Later the appellant asked Mr. Bernard Davis to look after the matter. In the first part of November, 1948, Mr. Davis talked to the appellant in Louisville by phone, and, on November 9, 1948, sent him a letter to the effect that the registered letter had been returned undelivered and that the correct address of Colonel Poehlman was 311 College Street, Grove City, Pennsylvania. On January 10, 1949, the

appellant filed an amended petition setting out the appellee's correct address, and, upon summons being served on the Secretary of State, the appellee was duly notified by registered mail. On February 7, 1949, the appellee moved to quash the summons issued on June 8, 1948, because it did not contain the correct address. This motion was overruled. The appellee then answered, setting up the one year statute of limitations as a bar to the action because the action was not commenced in good faith until January 8, 1949. The appellant demurred to paragraph 2 of the answer, then filed a reply controverting the allegations of the answer and affirmatively alleging that the action was commenced and summons issued in good faith on June 8, 1948.

Before a jury was impaneled the court considered in chambers the question of law raised by the plea of limitation, and also considered the deposition of the appellant taken as if on cross-examination and the stipulation of facts submitted by the parties. This stipulation includes: a letter from the King's Daughters Hospital in Shelbyville, Kentucky, to the effect that the records of that hospital show that the address of the appellee was 311 College Avenue, Grove City, Pennsylvania; a letter from the Jewish Hospital, Louisville, Kentucky, to the effect that its records gave the address of the appellee as 1442 Cherokee Road, Louisville, Kentucky; a copy of a newspaper item describing the accident, which was fatal to Mr. Hausman, gave the address of the appellee as Grove City, Pennsylvania, and stated that the appellee and his wife were registered at the Henry Clay Hotel; a letter from the Kentucky State Highway Patrol containing the permissible information from the accident report, which report gave the address of the appellee as 311 College City, Pennsylvania; and the letter from Mr. Bernard Davis to the appellant, dated November 9, 1948, mentioned above.

The appellant argues that the facts show that the first summons was issued in good faith. The appellee urges that the original service was invalid and insufficient to confer jurisdiction over the person of the appellee on the court and further that the facts show negligence on the part of the appellant amounting to bad faith.

Assuming the appellee to be correct in asserting

that the original service did not give the court jurisdiction over the appellee, we do not think this to be the determining point in the case. KRS 413.250 provides: "An action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

In the case of Rucker's Adm'r v. Roadway Express, Inc., 279 Ky. 707, 131 S. W. 2d 840, 843, summons was issued and delivered to the plaintiff's attorney. The plaintiff's attorney being unable to ascertain the name of the defendant's process agent and because of the illness of his wife, failed to forward the process to the sheriff for execution. A new summons was issued and executed more than six weeks later and after the expiration of one year from the date of injury. We held that the action was commenced in time because bad faith in the retention of the first summons was not shown. During the course of the opinion it was said: "* * * Plaintiff's attorney was undoubtedly guilty of negligence, negligence which comes perilously near to barring his client's right of action, but the statute does not say that negligence in the execution of a summons after it is issued will bar the right of action. Such bar is effective only if there was a lack of good faith—lack of intention to have the summons presently executed when issued. * * *" See also Louisville & N. R. Co. v. Alexander, 277 Ky. 719, 127 S. W. 2d 395; Walston v. City of Louisville, 66 S. W. 385, 23 Ky. Law Rep. 1852.

In the present case the facts fail to show that the first summons was not issued in good faith in spite of the fact that by exercising greater diligence than was exercised the correct address of the appellee could have been discovered. The appellant sought the appellee's address from an official agency which in the normal course of events should have had the correct address. The summons was issued and immediately placed in the process of execution with an apparent intention to have it served and notice given to the appellee in due course.

The judgment is reversed for proceedings consistent with this opinion.