COMMONWEALTH of Kentucky ex rel. DIVISION OF UNEMPLOYMENT INSURANCE, Appellant,

v.

20TH CENTURY COAL COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 6, 1963.

Paul E. Tierney, Clarence E. Powell, Forest Smith, Dept. of Economic Security, Frankfort, for appellant.

Rice, Cheatham & Vanstone, Evansville, Ind., Laurence T. Gordon, Madisonville, Byron, Sandidge, Holbrook & Craig, Woodward, Bartlett & McCarroll, Nathan B. Cooper, David C. Brodie, Owensboro, Robert D. Simmons, Asst. U. S. Dist. Atty., Louisville, Paul Ross, Dept. of Revenue, Frankfort, Harry G. Black, Hawesville, Joseph D. Banken, Owensboro, William E. Quisenberry, Calhoun, for appellees.

CULLEN, Commissioner.

In an action against the 20th Century Coal Company, Inc., by a number of its employes, seeking to enforce a lien for wages under KRS 376.150 to 376.190, the Division of Unemployment Insurance of the Commonwealth and various other creditors of the company were made parties defendant. The Division filed a cross-claim setting forth its claim to a lien for delinquent unemployment insurance taxes owed by the company. Judgment was entered disallowing the claim, for lack of proof. The Division has appealed from the judgment.

The Division's pleading asserted a cross-claim against the company, as a co-defendant. The company did not serve an answer to the cross-claim. However, one of the other creditors, in its pleadings, made a formal denial of the allegations of the Division's cross-complaint.

The trial court assigned the case to a special master commissioner to marshall the assets. He set times for hearing proof of claims, of which notice was given to all parties. The Division declined to offer proof of its claim, taking the position that proof was not required because the company had not served an answer denying its

claim. The special master commissioner thereupon recommended to the court that the claim be denied, and the court, after overruling exceptions to the commissioner's report, entered judgment accordingly.

The Division rests its argument solely on the Rules of Civil Procedure, claiming that under CR 7.01, 8.04 and 12.01 the allegations of its cross-claim must be taken as admitted by reason of the failure of the company to serve an answer denying them. The appellees maintain that the instant proceeding is a special statutory one to which the Rules do not have full application.

It is stated in CR 1 that the Rules of Civil Procedure "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." Admittedly the instant proceeding, brought under KRS 376.150 to 376.190, is a special statutory proceeding. Therefore the only question is whether the procedure and practice provided for in the statutes are inconsistent or in conflict with the Rules relied upon by the Division, to such extent as to make the Rules inapplicable.

The statutes in question do not specifically set forth the procedure for presentation and establishment of claims of creditors other than the plaintiff employes. However, we think the whole theory and spirit of the statutes are that the creditors are adversaries of each other rather than of the insolvent debtor. In the normal situation (and it was the situation here) the debtor has no hope of salvaging anything and the only issues concern how the assets are to be divided among the creditors. To permit the debtor to give recognition or even priority to a claim merely by failing to plead would be contrary to the purposes of the proceeding.

KRS 376.120, relating to mechanics' lien proceedings, provides specifically that creditors must present evidence in support of their claims. In our opinion this requirement is inherent in the type of proceeding here involved.

As stated in Clay, CR 8.04, averments of a pleading to which a responsive pleading is required will stand admitted unless the *opposing party* denies the averments. In the instant proceeding the actual opposing parties were the other creditors—the debtor company had no real interest because the claims exceeded the assets.

It is our opinion that the statutory proceeding here involved requires by necessary implication the proof of claims, whether or not denied by the debtor, and therefore the Rules relating to responsive pleadings are not applicable.

The judgment is affirmed.