**Leo J. ROEHRIG, Appellant,**

v.

**MERCHANTS AND BUSINESSMEN'S MUTUAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

May 28, 1965.

Ralph H. Logan, Hardy, Logan & Tross, Louisville, for appellant.

John T. Ballantine, Ogden, Robertson & Marshall, Louisville, for appellee.

STEWART, Judge.

This appeal is from a summary judgment entered upon the ground that the instant action was not commenced at the time the complaint was filed.

This litigation arises from an undertaking by appellant, Leo J. Roehrig, to recover in circuit court from appellee, Merchants and Businessmen's Mutual Insurance Company, the proceeds of a policy which allegedly covered his property against loss from an explosion. The complaint alleges that on or about October 7, 1962, while the policy was in full force and effect, the property insured by appellee was completely destroyed by an explosion. The amount of loss claimed is $5000.

Appellee, when demand for payment for the loss was made upon it, denied liability.

This action followed. The complaint was filed October 2, 1963, and summons of the same date was made out to be executed upon appellee by delivery of a copy to its agent in Louisville. This summons was served on October 7, 1963, upon the agent, but the latter's relationship to appellee was not stated in the summons or on the return.

On October 29, 1963, appellee filed its answer and counterclaim, averring, so far as we need consider in this appeal, that the circuit court lacked jurisdiction over it, because no summons had been served upon it in the manner required by KRS 304.094(1).

This statutory subsection authorizes a foreign or alien insurer to appoint the Commissioner of Insurance " * * * to receive service of all legal processes issued against it in this state upon causes of action arising within this state. Service of legal process against such foreign or alien insurer can be had only by service upon the commissioner."

Appellant on November 6, 1963, caused a new summons to issue directed to the Commissioner of Insurance which was in due course served on that officer. On December 2, 1963, appellee filed its supplemental answer and counterclaim pleading the one-year-limitation provision contained in the policy agreement.

On December 13, 1963, appellee moved for summary judgment, which was granted, with the result that the complaint was dismissed.

KRS 413.250 reads: "An action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." CR 3 provides: "A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

The trial court found that the first summons directed to the agent of appellee was not issued in good faith; that, on the other hand, the action was not actually commenced in good faith until the issuance of the summons directed to the Commissioner of Insurance on November 6, 1963; and that, as the one-year-limitation period set out in the policy had expired when the new summons was secured and executed, the action was deemed to have been filed too late.

What is the meaning of "good faith" as that expression applies to the facts presented? It can be, and usually is, something less than perfection or complete accuracy. Above all, it means not to take advantage of, not to deceive, not to be underhanded. Black's Law Dictionary states on this point: "Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information, notice, or belief of facts which would render the transaction unconscientious."

In the case of Hausman's Adm'r. v. Poehlman, 314 Ky. 453, 236 S.W.2d 259, 27 A.L.R.2d 233, a wrongful death action filed against a nonresident motorist, summons was served on the Secretary of State as was then required, but the address of the nonresident was erroneously given and in consequence the registered letter of notification of the pending action was returned unclaimed. Later, the correct address was ascertained and a new summons was placed in process of execution; however, the new summons was served and the new notification was given after the expiration of the one year provided by the applicable statute of limitations.

In reversing the trial court, which ruled the action was barred because the first summons had not been procured in good faith, this Court stated: "In the present case the facts fail to show that the first summons was not issued in good faith in spite of the fact that by exercising greater diligence than was exercised the correct address of the appellee could have been discovered. * * *"

In the case of Rucker's Adm'r. v. Roadway Express, Inc., 279 Ky. 707, 131 S.W.2d 840, 843, which involved an action based upon a tort, summons was issued and delivered to the plaintiff's attorney. The latter being unable to ascertain the name of the defendant's process agent and by reason of the illness of his wife, failed to forward the process to the sheriff for execution. The original summons then became lost. A new one was issued and executed more than six weeks later and after the expiration of one year from the date of the injury out of which the litigation grew. We held that the action was commenced in time because bad faith in the retention of the first summons was not established.

During the course of the opinion it was said: " * * * Plaintiff's attorney was undoubtedly guilty of negligence, negligence which comes perilously near to barring his client's right of action, but the statute (Section 2524, Kentucky Statutes) does not say that negligence in the execution of a summons after it is issued will bar the right of action."

See also Louisville & N. R. Co. v. Alexander, 277 Ky. 719, 127 S.W.2d 395.

■ The rule seems to be that if, when the summons was issued, the plaintiff had a bona fide, unequivocal intention of having it served presently or in due course or without abandonment, the summons was issued in good faith. See Louisville & Nashville Railroad Company v. Little, 264 Ky. 579, 95 S.W.2d 253, 255.

That the original summons, or notice thereof, was misdirected, as in Hausman's Adm'r. v. Poehlman, supra, or that it was not served because the plaintiff's attorney lost it, as in Rucker's Adm'r. v. Broadway Express, Inc., supra,—these circumstances were held not to constitute a lack of good faith.

■ Under the authority of these cases, it cannot be said there was a lack of good faith when appellant, in the first instance,

inadvertently served appellee's agent with summons instead of the Commissioner of Insurance. This latter officer he promptly caused process to issue against when apprised of his mistake.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.