**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Charles PARKER, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

H. C. Smith, Frankfort, Reed D. Anderson, Madisonville, for appellant.

Gross C. Lindsay, Henderson, for appellee.

DAVIS, Commissioner.

This appeal presents a question whether a summons on an appeal to the circuit court from an award of the Workmen's Compensation Board was properly served. The trial court dismissed the appeal as improperly prosecuted; the Department of Highways contends that the lower court's ruling was erroneous.

Appellee Parker, an employee of the appellant Department, filed claim for compensation arising from an injury alleged to have been suffered by him in his employment. The Workmen's Compensation Board made an award to him; the Department appealed to the Henderson Circuit Court, pursuant to KRS 342.285. The filing of the appeal was timely.

The Department caused summons to be issued against appellee Parker; this process was placed in the hands of the Henderson County Sheriff and promptly served. Summons was also issued for the Workmen's Compensation Board, but, pursuant to the directions of the Department's attorney, was caused to be served by leaving a copy with the Attorney General. The plain provision of KRS 342.285(1) requires that in such appeals the service of process upon the Workmen's Compensation Board shall be had on the Executive Secretary of the Board—not the Attorney General. CR 4.04 (6) prescribes that service of process shall be made upon the Commonwealth or any agency thereof by serving the Attorney General or any assistant attorney general, and may account for the mistake of the Department's attorney.

Appellee Parker moved for dismissal of the appeal from the Board on the ground that service upon the Board had not been made properly. Subsequently, and after the time allowed for the appeal from the Board to the circuit court, alias summons was issued and duly served upon the Executive Secretary of the Board. It is significant that the Board does not raise any question as to the adequacy of service.

It is our view that the trial court erred in dismissing the appeal. There is no showing of any "bad faith" upon the part of appellant. CR 3 and KRS 413.250 provide that a civil action is commenced by the filing of the complaint with the court and the issuance of summons or warning order thereon in good faith. As recently as Roehrig v. Merchant's and Businessmen's Mutual Ins. Co., Ky., 391 S.W.2d 369, we treated the question of "good faith" as applied in this type situation. It is our view that the rationale expressed in that opinion, and the authorities there cited and discussed, are dispositive of the question before us, and require reversal. Blue Grass Mining Co. v. North, 265 Ky. 250, 96 S.W.2d 757, and Appleton v. Southern Trust Co., 244 Ky. 453, 51 S.W.2d 447, relied on by the trial court, are distinguishable on their facts from the case at bar and are not controlling here.

The judgment is reversed for further proceedings consistent with the opinion.