Willie ASHER et al., etc., Petitioners,

v.

Honorable Clay M. BISHOP, Judge, Clay Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 30, 1972.

Mark E. Gormley, James L. Gay, Versailles, for petitioners.

Robert Milby, London, for respondent.

MILLIKEN, Judge.

The petitioners filed this original action in this court seeking to prohibit the respondent, Honorable Clay M. Bishop, judge of the Clay Circuit Court, from proceeding further in a suit they filed in his court. They contend that their suit in Clay Coun-

ty, filed in February 1971, was abandoned by them by their subsequent filing of a similar suit in the Woodford Circuit Court in March 1971. The litigation in both circuit courts involved damages for alleged trespass to land in Clay and Leslie Counties by the Shamrock Coal Company, a Tennessee corporation, which, upon learning of the actions, voluntarily filed its answer first in the Clay County suit and then in the one filed in Woodford County where one of the plaintiffs lived, the latter suit having been begun on the theory that our "long-arm" statute enacted in 1968, KRS 454.210, authorized it when it was discovered that Shamrock's agent for the service of process was no longer living in Kentucky. In the Woodford Circuit Court, Shamrock sought dismissal of the action there for a number of reasons including lack of jurisdiction of the subject matter and improper venue.

A civil action is begun by the filing of a complaint and the issuance of a summons or warning order in good faith, CR 3, and not by the actual service of process. The petitioners could have dismissed their Clay Circuit Court suit "without order of court, by filing a notice at any time before service by the adverse party of an answer * * *.", CR 41.01, but this they did not do, but rather proceeded a few weeks later in the Woodford Circuit Court, apparently intending to abandon their Clay County suit. The Clay Circuit Court clearly had jurisdiction of the subject matter, the land involved, under KRS 452.400 which says:

"Action must be brought in the county in which the subject of the action, or some part thereof, is situated: (1) for the recovery of real property, or of an estate or interest therein; . . . (4) for an injury to real property."

We think the Clay Circuit Court had exclusive jurisdiction of this litigation, KRS 452.400 and Ky.Digest, Venue, ☞5.

We conclude that the petitioners have failed to show lack of jurisdiction in the Clay Circuit Court and that they will suffer irreparable injury for which there is no adequate remedy by appeal, and so deny prohibition.

All concur.