**Randy L. WHITTINGHILL, Appellant,**

v.

**Charles C. SMITH, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1977.

Discretionary Review Denied
April 4, 1978.

Richard L. Frymire, Moore, Morrow & Frymire, William A. Logan, Madisonville, for appellant.

Dan Cornette, Greenville, for appellee.

Before GANT, VANCE and WILHOIT, JJ.

VANCE, Judge:

The question is whether a summons issued by a circuit court clerk and held by her at the express direction of plaintiff's counsel tolls the running of the statute of limitations.

Appellant's action for damages for personal injuries was filed on the 365th day

following a motor vehicle accident. Settlement negotiations were under way and appellant's counsel directed the clerk to hold the summons and not deliver it to the sheriff for service.

In compliance with this instruction, the clerk held the summons from May 13, 1975, the date of issuance, until July 30, 1975, when appellant's counsel instructed her to deliver the summons to the sheriff. The summons was served on July 30, 1975.

Appellee's motion to dismiss was treated as a motion for summary judgment because matters outside of the pleadings were considered by the court. CR 12.03. Summary judgment was granted to appellee upon the ground that the action was barred by the statute of limitations.

KRS 413.140 provides that an action for personal injury to the person of plaintiff shall be commenced within one year after the cause of action accrued. KRS 413.250 provides that an action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action. CR 3 provides that a civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order in good faith.

■ The issuance of a summons does not commence an action unless accompanied by an intent that the summons be served in due course. In *Louisville and N. R. Co. v. Little,* 264 Ky. 579, 95 S.W.2d 253, 255 (1936) the rule was stated as follows:

> The taking out of summons is presumptive evidence of an intention to have it served in due course, but that presumption may be rebutted by the facts. It may have been issued to be used or not, as circumstances thereafter required. Service may have been intentionally withheld by direction of the plaintiff until the occurrence of an event upon which his decision as to effecting the process depended. In other words, causing a summons to be issued by the clerk conditionally is not causing it to be issued in good faith. An intention to postpone starting the litigation is thereby evi-

denced. All the authorities are to the effect that the cause of action is not commenced until there is a bona fide intention to have the summons filled out and signed by the clerk, accompanied by bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment. Action and intention combined constitutes the commencement of the suit, because a summons filled out and signed with no intention of having it served is altogether inoperative.

\* \* \* \* \* \*

> Of course, though it has been postponed, when a summons is actually served or put in line of service, the mere intention to have it issued is translated into a good-faith intentional action. But if the suspension is not closed before the right to sue ends, it must be regarded that the plaintiff slumbered through the time prescribed. So it is in the instant case. The plaintiff either deliberately withheld the actual legal issuance of the summons, or through oversight postponed the starting of the litigation until after the bell had rung out the hour barring his right of action. The trial court, therefore, should have sustained the defendant's plea of limitation and dismissed the petition.

Appellant relies upon *Roehrig v. Merchants and Businessmen's Mutual Insurance Company,* Ky., 391 S.W.2d 369 (1965) and *Rucker's Adm'r v. Roadway Express, Inc.,* 279 Ky. 707, 131 S.W.2d 840 (1939). These cases are distinguishable from *L & R Co. v. Little, supra,* on the ground that the delay in the service of the summons was inadvertent and did not evince an intention to withhold the service. Here the delay was not inadvertent, but deliberate.

■ It may well be that appellant did not at any time intend to abandon the action but it is equally plain that counsel did not intend for the process to be executed in due course following its issuance by the clerk. The intention to go forward with the service of process was not reached until the limitation period had expired and thus the

action was not commenced within the limitation period.

The judgment is affirmed.

All concur.