**Wanda Sue GIBSON, Appellant,**

v.

**EPI CORPORATION, d/b/a the Claremont; and Johnson Safety and Security, Inc., Appellees.**

No. 95–CA–3290–MR.

Court of Appeals of Kentucky.

March 21, 1997.

Ronald E. Butler, John M. Simms, Hayden & Butler, P.S.C., Lexington, for appellant.

Daniel E. Murner, Landrum & Shouse, Lexington, for appellee EPI Corporation, d/b/a The Claremont.

Perry M. Bentley, Todd S. Page Stoll, Keenon & Park, LLP Lexington, for appellee Johnson Safety and Security, Inc.

Before COMBS, DYCHE and EMBERTON, JJ.

*OPINION*

DYCHE, Judge.

This premises liability action resulted from appellant's December 12, 1993, fall on the porch of a building owned by appellee EPI ("EPI") Corporation; appellee Johnson Safety and Security, Inc. ("Johnson"), was employed by EPI for security purposes at the building.

On December 9, 1994, appellant filed this action in the Fayette Circuit Court seeking monetary damages to compensate her for the injuries she allegedly received as a result of the fall. Appellant asserts that, on that date,

> the Fayette Circuit Clerk's Office prepared a summons and placed it in line for service by tendering it to the plaintiff's counsel.... [O]n May 4, 1995, plaintiff's counsel proceeded to have the summons served upon the defendants.

Appellee Johnson agrees with those statements; appellee EPI maintains that the docket sheet of the Fayette Circuit Court reveals that no summons was issued by the clerk until May 3, 1995. Both appellees were served with the summons on May 4, 1995.

The action was dismissed by the trial court as being commenced outside the one-year period of limitations contained in KRS 413.140. This appeal followed; we affirm. If the summons was not issued until May 3, 1995, then appellant has totally failed to comply with CR 3 and KRS 413.250; the action was not "commenced" prior to the expiration of the limitations period.

■ If the facts are as appellant describes them, and the summons was issued on December 9, 1994, but held by appellant's attorney until May 1995, *Whittinghill v. Smith,* Ky.App., 562 S.W.2d 649 (1977), is controlling. In that case, similar to this one, settle-

ment negotiations were ongoing as the end of the one-year period approached. In *Whittinghill,* the complaint was filed on the 365th day following the motor vehicle accident. "Settlement negotiations were under way and appellant's counsel directed the clerk to hold the summons and not deliver it to the sheriff." When no settlement was reached, the summons was served, two and one-half months after the expiration of the limitations period.

█ The only difference in that case and the present one is that in this case, instead of asking the clerk to hold the summons, appellant's counsel accepted the issued summons and retained it himself.

The issuance of a summons does not commence an action unless accompanied by an intent that the summons be served in due course.

. . . .

It may well be that appellant did not at any time intend to abandon the action but it is equally plain that counsel did not intend for the process to be executed in due course by the clerk. The intention to go forward with the service of process was not reached until the limitation period had expired and thus the action was not commenced within the limitation period.

*Whittinghill, supra* at 650–51.

█ Appellant's second line of argument is that her failure to comply with the applicable statute and Civil Rule was induced by statements of adjusters for appellees' insurance companies. This argument is meritless.

[T]he plaintiff is presumed to know that an action will be barred in one year by the statute of limitations, and has no right to rely upon representations of an insurance adjuster who is her adversary. . . . Mere negotiations looking towards an amicable settlement do not afford a basis for estoppel to plead limitations.

*Burke v. Blair,* Ky., 349 S.W.2d 836, 838 (1961). In addition, if an agreement such as appellant alleges did, in fact, exist, KRS 413.265 provided a legitimate, binding manner to memorialize and enforce same.

The order of the Fayette Circuit Court is affirmed.

All Concur.