**Renee JONES and Todd Jones, Appellants,**

v.

**BAPTIST HEALTHCARE SYSTEM, INC., doing business as Western Baptist Hospital, Appellee.**

**No. 95–CA–003230–MR.**

Court of Appeals of Kentucky.

July 25, 1997.

Rehearing Denied Sept. 19, 1997.

Discretionary Review Denied by Supreme Court May 13, 1998.

Tod D. Megibow, Megibow and Edwards, Paducah, for appellants.

Jonathan Freed, Boehl, Stopher & Graves, Paducah, for appellee.

Before WILHOIT, C.J., and GARDNER and HUDDLESTON, JJ.

## OPINION

HUDDLESTON, Judge.

Renee and Todd Jones appeal from an order dismissing their complaint against Baptist Healthcare System, Inc., doing business as Western Baptist Hospital, for allegedly negligent acts committed by Dr. Lloyd Housman in his treatment of Renee while she was undergoing an outpatient procedure. The order dismissing the complaint states that Renee and Todd had failed to commence their case against Western Baptist within the period of limitations.

Renee and Todd's claim arose out of an outpatient procedure called an hysterosalpingogram (HSG) that was allegedly performed incorrectly by Dr. Housman on August 12, 1992. This procedure is designed to determine certain facts relating to conception of a child. It involves injecting a dye into the uterus and the fallopian tubes. In Renee's case, however, Dr. Housman injected a substance used to sterilize medical instruments. As a consequence, Renee spent time in Western Baptist's facility recovering from the botched procedure.

In July 1993, Renee and Todd retained counsel to pursue their claim. Prior to suit being filed, their counsel began negotiating with counsel for Dr. Housman and counsel for Western Baptist. Renee and Todd's counsel also set about obtaining the information needed to file suit, such as identifying the insurance carriers and requesting evidence. On July 29, their counsel sent a letter to Dr. Housman's counsel advising him of Renee and Todd's intent to file suit. A blind copy of this letter was also sent to Western Baptist's counsel at his suggestion.

Renee and Todd's counsel inquired whether Western Baptist's attorney would accept service of process on behalf of the hospital. When answered in the negative, counsel contacted the Secretary of State's Office to obtain the name of the agent for service of process. According to him, the Secretary of State responded that the agent for Western Baptist was Kerry G. Gillihan. Unbeknownst to Renee and Todd's counsel, Gillihan was not the agent for service.[1]

1. Kerry G. Gillihan was the former president of Western Baptist. He left that post in January 1992.

Suit was filed August 10, 1993, and summons was issued that same day. In September, when no answer had been filed by Western Baptist, it was discovered that Gillihan had refused service and the summons had been returned. Renee and Todd's counsel promptly recontacted the Secretary of State and received information that Allen K. Montgomery was the agent for service of process. A second summons was issued October 4, 1993, and served October 18.

Renee and Todd's counsel had also incorrectly named Western Baptist in the complaint filed August 10. This mistake was corrected by filing an amended complaint which Montgomery, the process agent, received October 14, 1993.

Western Baptist moved to dismiss the complaint on November 10, 1993, based on the one year statute of limitations applicable to the claim[2]. The motion was denied. In March of the following year, Western Baptist moved for reconsideration of its motion. The court again denied its motion, but attempted to include language in its order making it final and appealable. An appeal was filed but dismissed by this Court as interlocutory. Finally, in November 1995, the court reconsidered Western Baptist's motion. This time, the court concluded that Western Baptist's argument had merit and dismissed the claim as time barred. It is from this order that this appeal is prosecuted. Renee and Todd's suit against Dr. Housman is being held in abeyance pending the disposition of this appeal.

Renee and Todd's first argument is that the court erred when it dismissed their complaint against Western Baptist on statute of limitations grounds. They argue that the complaint was timely filed and summons was issued in good faith and that this is all that is required for commencement of an action. Western Baptist responds that it did not know of the suit until, at the earliest, October 14, when Montgomery received notice of the filing of Renee and Todd's amended complaint.

There are two significant issues in this appeal. The first is whether Renee and Todd successfully commenced their action within the limitations period. The second is whether Western Baptist had notice that the action had commenced within that same period.

Ky.Rev.Stat. (KRS) 413.140(1)(e) requires that suit against a hospital be commenced within one year of accrual of the cause of action. KRS 413.250 states that an action is commenced on the "date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Ky. R. Civ. Proc. (CR) 3 measures commencement from the date of the filing of the complaint and the issuance of a summons in good faith. There is no dispute that a complaint was filed which attempted to name Western Baptist as a defendant within the limitations period.

The question is whether the summons was issued in good faith. This case is similar in nature to that of *Hausman's Adm'r v. Poehlman*, 314 Ky. 453, 236 S.W.2d 259 (1951). In that case, the plaintiff filed suit and summons was issued within the statutory period. However, the summons did not contain the correct address for service on the defendant. The address had been obtained from a state agency which should have supplied the correct information. *Id.* 236 S.W.2d at 259. When the mistake was discovered, summons was reissued. In reversing the circuit court's dismissal on the basis of the statute of limitations, the Court noted:

> In the present case the facts fail to show that the first summons was not issued in good faith in spite of the fact that by exercising greater diligence than was exercised the correct address of the appellee could have been discovered.

*Id.* 236 S.W.2d at 260.

This rule, that negligence, rather than bad faith, in the execution and issuance of a summons will not bar a cause of action, is applicable here. *See also Crowe v. Miller,* Ky., 467 S.W.2d 330, 333 (1971); *Roehrig v. Merchants And Businessmen's Mut. Ins.*

---

2.   Ky.Rev.Stat. (KRS) 413.140(1)(a) and (e).

*Co.*, Ky., 391 S.W.2d 369, 371 (1965). Renee and Todd's counsel attempted to obtain the proper agent for service of process from the Secretary of State's Office—the usual agency from which such information is gleaned. There is no allegation that their statement that the office supplied them with Gillihan's name is false or in any other way lacking in good faith. Thus, we hold that the first summons was issued in good faith.

The second question of import is whether Renee and Todd's amended complaint is effective. It is undisputed that they misnamed Western Baptist in their original complaint. Western Baptist argues that it did not receive notice of the suit until October 14, 1993, and that it is Renee and Todd's responsibility to sue the correct party.

In the briefs the parties argue opposing interpretations of CR 15.03. That rule speaks to the relation back of pleadings and provides in pertinent part that:

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment *changing the party* against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (Emphasis supplied).

■ We are of the opinion that CR 15.03 does not apply to this case. *See Cook v. Holland*, Ky.App., 575 S.W.2d 468, 477 (1978). Renee and Todd are not attempting to add a different party, they are attempting to correct a misnomer in the original complaint. In *Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 28 (5th Cir.1954), the plaintiff named the defendant incorrectly and mistakenly stated that it was incorporated in Massachusetts. In holding that the District Court erred by dismissing the complaint, the Court of Appeals said:

[T]he Pacific Indemnity Company should not be permitted to take advantage of a mere misnomer that injured no one, and the district court erred in refusing to permit the amendment of the summons and of the complaint and in dismissing the action. . . .

The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.

*Id.* at 29 (quoting 2 *Moore's Federal Practice*, 2d ed., Sec. 4.44, p.1042). *See also Meltzer v. Hotel Corp. Of Am.*, 25 F.R.D. 62, 65 (N.D.Ohio 1960); Kurt A. Philipps, Jr., 6 *Kentucky Practice*, CR 15.03 cmt. 7, p. 318 (5th ed. 1995) ("Where there is a mistake of identity or misnomer or mislabeling of a defendant, the harshness of this rule [CR 15.03(2) ] should not apply").

■ Granted that Renee and Todd's failure to correctly name Western Baptist when it originally filed suit might have been avoided, in the circumstances presented by this case there is no prejudice to Western Baptist. It cannot be doubted that it knew before the limitations period expired of Renee and Todd's intention to file suit. Western Baptist argues that the settlement negotiations between the parties cannot be used to extend the statute of limitations. We agree. *Gibson v. EPI Corp.*, Ky.App., 940 S.W.2d 912, 913 (1997). However, settlement talks undoubtedly go to show that Western Baptist had notice of their intent to sue before the statute of limitations expired.

■ The final argument made by Renee and Todd, that the circuit court could not reconsider its previous denial of Western Baptist's motion to dismiss is without merit. A court retains the power to reconsider its rulings until there is a final adjudication dis-

posing of the case. *Bank of Danville v. Farmers Nat'l Bank of Danville, Kentucky,* Ky., 602 S.W.2d 160, 164 (1980).

The order dismissing Renee and Todd's complaint is reversed and the case is remanded for further proceedings.

All concur.