**ARLINGHAUS BUILDERS, INC., Appellant,**

v.

**KENTUCKY PUBLIC SERVICE COMMISSION and SprintCom, Inc., Appellees.**

No. 2002–CA–001017–MR.

Court of Appeals of Kentucky.

June 13, 2003.

Discretionary Review Denied by Supreme Court Sept. 16, 2004.

Case Ordered Published by Supreme Court Sept. 16, 2004.

**27.** *Id.*

Patrick R. Hughes, Ellen M. Hagedorn, Covington, KY, for appellant.

Deborah T. Eversole, James R. Goff, Frankfort, KY, for appellee Kentucky Public Service Commission.

Mark W. Dobbins, Sandra F. Keene, Louisville, KY, for appellee SprintCom, Inc.

Before COMBS, McANULTY, and PAISLEY, Judges.

*OPINION*

COMBS, Judge.

The appellant, Arlinghaus Builders, Inc. ("Arlinghaus"), seeks review of an order of dismissal of the Franklin Circuit Court. The Appellees are SprintCom, Inc., ("SprintCom") and the Kentucky Public Service Commission ("PSC"). Arlinghaus appealed to the circuit court from a final order of the PSC granting SprintCom a Certificate of Public Convenience ("CPCN") and Necessity. The circuit court dismissed the appeal (filed as an original action) on the ground that neither SprintCom nor the PSC had been timely served with summons. We reverse and remand.

On January 7, 1998, SprintCom filed an application for authority to build and operate a telecommunications facility in Boone County, Kentucky. Arlinghaus requested and was granted intervenor status and participated fully in the administrative proceeding conducted by the PSC. On August 22, 2001, the PSC entered a final order granting SprintCom's application for the required CPCN.

On September 21, 2001, Arlinghaus filed an action in the Franklin Circuit Court requesting that the PSC's order be vacated. The PSC was named a party-defendant in the action, and Arlinghaus designated Hon. J.R. Goff, a PSC staff attorney, to receive service of process. SprintCom was also named as a party-defendant in the action. Arlinghaus directed its service of process to Hon. Mark W. Dobbins, an attorney in private practice who had represented SprintCom at the administrative proceedings before the Commission. However, Dobbins was not SprintCom's registered agent for service of process, and Arlinghaus had no reason to believe that Dobbins was authorized to accept service on behalf of SprintCom.

Both SprintCom and the PSC moved to dismiss the action. They argued that neither of them had been properly served with process and that the court lacked jurisdiction to go forward. Moreover, they argued that since the 30–day time period for filing an action against the Commission had expired, the action could no longer be maintained. On October 29, 2001, more than two months after the PSC entered its final order, Arlinghaus requested leave to file an amended petition. Through its motion, Arlinghaus sought an opportunity to cure "these technical defects" related to its failure to effect proper service upon the parties.

The PSC and SprintCom argued that the amended petition as tendered was not really an attempt to augment the petition but rather that it was an artifice to correct two failures of Arlinghaus: (1) its failure to serve the Attorney General on behalf of the PSC as required by CR 4.04(6) and (2) its failure to serve SprintCom's registered agent for service of process. Nonetheless, Arlinghaus was permitted to file the amended petition, subsequently serving the Attorney General and SprintCom as directed under the Civil Rules.

On April 23, 2002, the Franklin Circuit Court entered an order of dismissal. The order provided, in part, as follows:

> Under KRS 278.410, a party affected by an order of the PSC may, within thirty days after service of that order, bring an action against the PSC in this Court. KRS 278.410 does not specify all the procedural steps necessary to bring such an action. As a result, the Kentucky Rules of Civil Procedure ("Civil Rules") apply to the extent they are consistent with the statute. *Commonwealth v. 20th Century Coal Company*, Ky., 373 S.W.2d 159, 160 (1963); CR 1.
> While KRS 278.410 states an appellant must give notice to all parties of record

before the PSC, it does not provide the proper method for serving those parties. Accordingly, an appellant must look to the Civil Rules for direction. Under CR 4.04(6), service must be made upon the Commonwealth or any of its agents by serving either the Attorney General or any Assistant Attorney General. Under CR 4.04(5), service must be made upon a corporation by serving either an officer or managing agent of that corporation, or the chief agent in the county where the action is brought, or any other agent authorized by law to receive service on the corporation's behalf. In this case, the Civil Rules required Arlinghaus to properly serve both Sprint and the Attorney General within the thirty day period in order to perfect is appeal under KRS 278.410, yet Arlinghaus did not.... Instead, Arlinghaus served a PSC staff attorney and the counsel who appeared before the PSC on Sprint's behalf.

> In *Board of Adjustments v. Flood*, Ky., 581 S.W.2d 1 (1978), the Supreme Court of Kentucky held, "When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say that the court lacks jurisdiction or has no right to decide the controversy." *Flood*, 581 S.W.2d at 2.

> \* \* \*

> Arlinghaus failed to comply because it did not properly serve either Sprint or the Attorney General within the thirty-day period. KRS 278.410; CR 4.04(5); CR 4.04(6).

This appeal followed.

The circuit court correctly held that the Kentucky Rules of Civil Procedure ("CR") apply to this action. CR 1 identifies the

scope of the civil rules. Subsection (2) provides, in part, as follows:

These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules.

KRS [1] 278.410(1), pertaining to actions against the PSC, provides:

Any party to a commission proceeding or any utility affected by an order of the commission may, within thirty (30) days after service of the order ... bring an action against the commission in the Franklin Circuit Court to vacate or set aside the order or determination on the ground that it is unlawful or unreasonable.... Notice of the institution of such action shall be given to all parties of record before the commission....

KRS 23A.010(4) provides:

[t]he Circuit Court may be authorized by law to review the actions or decision of administrative agencies, special districts or boards. Such review shall not constitute an appeal but an original action.

CR 3.01 provides that a civil action "is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

Service by summons is implicit in KRS 278.410(1) and KRS 23A.010(4) because appeals to the circuit court are treated as original actions to which the civil rules apply. Moreover, because the procedural requirements of KRS 278.410(1) do not specify the method by which the circuit court acquires jurisdiction of the PSC and other parties of record, the relevant provisions of the Civil Rules must apply.

Therefore, proper service by summons is required.

CR 4.04(5) requires that service upon a corporation be made by serving an officer of the corporation or an appointed agent. CR 4.04(6) requires that service upon an agency of the Commonwealth be made upon the Attorney General or any Assistant Attorney General. Consequently, Arlinghaus was required to file its complaint and to cause a copy of the summons and complaint to be served both upon Sprint-Com's registered agent for service of process and upon the Attorney General. Initially, it failed to do so.

Conceding that its initial attempt to serve process was defective, Arlinghaus argues that its "good faith" effort to commence the action (CR 3.01) was nevertheless sufficient to toll the period for filing the action. Arlinghaus relies on case law providing that civil actions are commonly deemed to have been properly commenced despite errors or flaws in the service of process.

As noted previously, CR 3.01 provides that an action "is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." In addressing a wide variety of challenges to deficiencies and inaccuracies in the issuance of summonses, our courts have routinely held that the defective summonses were nevertheless issued in "good faith" and that they were thus sufficient to commence an action. *See Commonwealth of Kentucky, Department of Highways v. Parker,* Ky., 394 S.W.2d 899 (1965); *Roehrig v. Merchants and Businessmen's Mut. Ins. Co.,* Ky., 391 S.W.2d 369 (1965); *Hausman's Adm'r v. Poehlman,* 314 Ky. 453, 236 S.W.2d 259 (1951); *Crowe v. Miller,* Ky., 467 S.W.2d 330 (1971). Moreover, CR 4.16 provides for the amendment of any summons *at any time* on such terms as the

---

**1.** Kentucky Revised Statutes.

trial court deems just unless the substantial rights of the party against whom it was issued would be prejudiced.

We are persuaded that *Arlinghaus* timely commenced this action. It filed its complaint in court within 30 days after service of the PSC's order as provided by KRS 278.410. While it erred by directing service of process to Goff, a PSC staff attorney, and to Dobbins, who was not authorized to accept service on behalf of SprintCom, the summonses nevertheless issued in good faith. Moreover, Arlinghaus moved quickly to remedy the error, and neither SprintCom nor the PSC was prejudiced by the initial insufficiency of service. *See Energy Regulatory Comm'n. v. Kentucky Power Co.*, Ky.App., 605 S.W.2d 46 (1980). Our courts have not held flawless service of summons upon the parties to be a condition precedent to the commencement of an action challenging an order of the PSC. *See Commonwealth, Transportation Cabinet v. City of Campbellsville*, Ky.App., 740 S.W.2d 162 (1987). As it was otherwise timely commenced, this action should not be barred due to a reasonable delay in serving the Attorney General and SprintCom. We note additionally that although technical compliance with service of the summonses was imperfect, the parties were in receipt of actual notice of the filing of the original action as contemplated by KRS 278.410.

The jurisdiction of the circuit court has been properly invoked; the parties are now properly before the court. Consequently, we reverse the order of dismissal of the Franklin Circuit Court and remand for further proceedings for a determination on the merits of the action.

ALL CONCUR.