RENDERED:  JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1216-MR

GINA MICCICHE                                                        APPELLANT

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
           HONORABLE AUDRA J. ECKERLE, JUDGE
           ACTION NO. 19-CI-005037

21ST CENTURY PARKS, INC.                                            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Gina Micciche appeals the order dismissing her claims against

21st Century Parks, Inc. (21st Century), entered by the Jefferson Circuit Court on

September 11, 2020.  After careful review of the briefs, the record, and the law, we

reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

On August 29, 2018, Gina Micciche attended an event at Gheens Foundation Lodge—a property owned by 21st Century—where she tripped and fell over a crockpot cord. Counsel for Micciche purportedly sent letters of representation requesting preservation of evidence to Gheens Foundation Lodge,[1] dated September 25, 2018, and December 7, 2018.

On August 17, 2019, Micciche sued 21st Century, and a civil summons was issued to its registered agent Gary "W." Weitkamp,[2] at 500 West Jefferson Street, Suite 2400, Louisville, Kentucky.[3] However, the summons was returned and annotated in the record by the clerk as undelivered and unable to forward on September 24, 2019. Counsel for Micciche ostensibly sent a letter to Weitkamp about the summons being returned on December 4, 2019.

On February 17, 2020, 21st Century updated the address of its registered office with the Kentucky Secretary of State.[4] On May 14, 2020, Micciche's counsel called Weitkamp and left a voicemail regarding this lawsuit

---

[1] The letters were addressed to "Gheen's Foundation Lodge."

[2] Its registered agent was Gary "R." Weitkamp. Nevertheless, given the facts of the case herein, this minute difference does not justify any distinction under the law or in our holding.

[3] This was the address listed with the Kentucky Secretary of State at that time.

[4] 21st Century admits Weitkamp informed it that he moved in June 2019 but offers no explanation for the undelivered return of the summons.

and service of the summons. That same day, paralegal to Micciche's counsel emailed Weitkamp a copy of the complaint and summons. Weitkamp responded, accepting service of same.

On June 19, 2020, 21st Century moved the trial court to dismiss, as well as to quash service. On June 27, 2020, a second civil summons was issued to 21st Century via Weitkamp at the updated address. There is no indication in the record as to whether that summons was successfully delivered. After these matters were briefed and arguments of counsel heard, the trial court entered its opinion and order dismissing Micciche's complaint for want of timely service. This appeal followed.

**STANDARD OF REVIEW**

21st Century moved the trial court to dismiss the complaint under CR[5] 12.02(f) for failure to state a claim upon which relief may be granted. Kentucky's highest court has interpreted this standard, observing:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of

---

[5] Kentucky Rules of Civil Procedure.

law. Stated another way, the court must ask if the facts
alleged in the complaint can be proved, would the
plaintiff be entitled to relief?" Since a motion to dismiss
for failure to state a claim upon which relief may be
granted is a pure question of law, a reviewing court owes
no deference to a trial court's determination; instead, an
appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

Concerning the trial court's grant of a motion to quash, our standard

of review turns on whether the trial court abused its discretion. *Commonwealth v.*

*House*, 295 S.W.3d 825, 828-29 (Ky. 2009). "The test for abuse of discretion is

whether the trial [court's] decision was arbitrary, unreasonable, unfair, or

unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d

941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

On appeal, Micciche presents two arguments. First, she contends she

caused the civil summons to be issued in good faith pursuant to KRS[6] 413.250 and

CR 3 and never abandoned her intention to have the summons served. Second,

Micciche asserts 21st Century is estopped from claiming insufficiency of process

because of its affirmative action to conceal its correct address. We will address

each argument, in turn.

---

[6] Kentucky Revised Statutes.

-4-

It is well established: "A civil action is begun by the filing of a complaint and the issuance of a summons or warning order in good faith, CR 3, **and not by the actual service of process**." *Asher v. Bishop*, 482 S.W.2d 769, 770 (Ky. 1972) (emphasis added). CR 3.01 provides, "A civil action is **commenced by** the filing of a complaint with the court and **the issuance of a summons** or warning order thereon **in good faith**." (Emphasis added.) Likewise, KRS 413.250 states, "An action shall be deemed to commence on **the date of the first summons** or process **issued in good faith** from the court having jurisdiction of the cause of action." (Emphasis added.) "All that is required is that the complaint be filed within the statute of limitations period and that a summons be issued in good faith. **CR 3 does not require that actual service on the defendant be effectuated within the statute of limitations period**." *Halderman v. Sanderson Forklifts Co., Ltd.*, 818 S.W.2d 270, 272 (Ky. App. 1991) (emphasis added).

Here, the injury occurred on August 29, 2018. On August 17, 2019, within the period provided by statute, the complaint was filed and summons issued in good faith to the registered agent of 21st Century at the address registered with the Kentucky Secretary of State. Had 21st Century updated the address registered with the Kentucky Secretary of State prior to that time, this matter would not now be on appeal. However, the failure of 21st Century to do so neither affects when

the summons issued nor the fact that it was issued in good faith to be executed presently, prior to the expiration of the relevant statute of limitations.

While there is no room for question regarding the date the initial summons issued, the trial court nevertheless found an absence of good faith intent to have the summons served. Kentucky's highest court has addressed the issue of good faith, directing courts to the proper inquiry regarding same, pontificating:

> Do the circumstances here show an intention on the part of the plaintiff to have the summons executed presently? It seems clear to us that such intention is shown and that the plaintiff's attorney had no intention of abandoning service of the summons. His course of conduct shows that he was making inquiry for the purpose of having the summons served. It is true that such course of conduct was rather feeble and, from a lawyer's viewpoint, rather ineffective. The attorney could have written the secretary of state and ascertained the name of the process agent. More diligence would have revealed the name to the attorney at an earlier date. However, **we are not concerned with the question of diligence, but only with the question of good faith.**
>
> Taking the testimony as a whole and considering the fact that the attorney's wife was in the hospital for three of the six weeks during which the summons was held up, we are of the opinion that the evidence discloses a good faith intention to have the summons presently executed without any abandonment of such intention. Plaintiff's attorney was undoubtedly guilty of negligence, negligence which comes perilously near to barring his client's right of action, but **the statute does not say that negligence in the execution of a summons after it is issued will bar the right of action. Such bar is effective only if there was a lack of good faith-lack of intention to have the summons presently executed**

-6-

> ***when issued.*** A mere negligent delay, if of sufficient length of time, may have the effect of indicating a lack of good faith in having the process issued. We would be willing to say that a delay of six weeks **in placing the summons in process of execution,** without excuse and without circumstances indicating a present intention of having the summons executed, would be sufficient to show a lack of good faith. We hold only that the circumstances shown in this particular case are not such as to negative [sic] a lack of good faith **at the time the summons was issued** or to indicate abandonment of intention to have it executed in due course.

*Rucker's Adm'r v. Roadway Exp.*, 279 Ky. 707, 131 S.W.2d 840, 843 (1939) (emphasis added).

In the case herein, by contrast, summons was issued and service attempted on the same date the complaint was filed, prior to the expiration of the statute of limitations. There was no delay in placing the summons in the process of execution. In fact, it is unknown why service was not effectuated on the first attempt since the registered agent claims his mail was forwarded from the former address to the current one prior to issuance of the summons. The trial court improperly focused on the subsequent efforts to have the summons served after it was returned rather than whether it was initially issued in good faith with intent and action taken for service upon its issuance. For this reason, we must reverse. Consequently, this decision renders Micciche's second argument moot.

-7-

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is REVERSED and the matter REMANDED for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rodney G. Davis
Richmond, Kentucky

BRIEF FOR APPELLEE:

Michael S. Maloney
Justin M. Schaefer
Christopher N. Jacovitch
Louisville, Kentucky