George WOOTON, Appellant,

v.

Elmer BEGLEY, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1957.

Rehearing Denied Oct. 11, 1957.

S. M. Ward, Don A. Ward, Hazard, for appellant.

Logan Patterson, Pineville, Will C. Hoskins, Hyden, for appellee.

CULLEN, Commissioner.

This is an election contest case. At the primary election on May 28, 1957, George Wooton and Elmer Begley were opposing candidates for nomination for the office of county judge of Leslie County. Begley won the nomination, and Wooton filed this contest suit, alleging violations of the Corrupt Practices Act, KRS Ch. 123. After hearing evidence, the court entered judgment dismissing the complaint, on the ground that the proof did not establish the alleged violations.

Wooton has appealed, maintaining that his proof was sufficient. Begley, as appellee, contends that not only was the ground upon which the complaint was dismissed a proper one, but the court should have sustained his defense of limitations. Since we agree with the latter contention, we will confine our discussion to that point.

Under KRS 122.020, a suit contesting a primary election must be commenced within 15 days from the day of election. Accordingly, June 12 was the last day on which Wooton could have commenced his action. Wooton filed his complaint on June 11, and secured from the clerk a summons, which he took with him. The summons was not delivered to the sheriff by Wooton until late in the afternoon of June 14, and was not served until the morning of June 15. The defendant Begley was the incumbent county judge, and it was shown in evidence that he and the sheriff were in their offices in the courthouse on June 11 and 12, so that service could have been made promptly had the summons been delivered to the sheriff on one of those days.

Under CR 3, an action is commenced by the filing of a complaint and the issuance of a summons or warning order thereon "in good faith." Similarly, it is provided in KRS 413.250, with respect to the application of statutes of limitation, that an action shall be deemed to commence on the date of the first summons or process issued "in good faith." The question, then, is whether Wooton can be considered as having caused the summons to be issued in good faith, when he held it for three days, beyond the limitation period, without delivering it to the sheriff for service.

The rule seems to be firmly established in this jurisdiction that in the absence of a showing of a valid excuse for the delay, a summons issued by the clerk and delivered to the plaintiff or his attorney is not deemed to have been issued in good faith until it is given to the sheriff or other proper officer to be served. Louisville & N. R. Co. v. Little, 264 Ky. 579, 95 S.W.2d 253; Blue Grass Mining Co. v. North, 265 Ky. 250, 96 S.W.2d 757; Rucker's Adm'r v. Roadway Express Inc., 279 Ky. 707, 131 S.W.2d 840.

It is expressly directed in CR 4.01 that the clerk shall forthwith, upon the filing of the complaint, issue the summons and "cause it * * * to be delivered for service to any officer to whom lawfully it may be directed." Although Clay, in his comments on this rule, Clay, CR 4.01, indicates that the former practice of delivering the summons to the plaintiff or his attorney for subsequent delivery to the sheriff may still be permissible, he points out that this

practice creates the problem of good faith as here presented.

Wooton, here, has offered no excuse for holding the summons without delivering it to the sheriff for service. Nothing would have prevented prompt service. Under the cases cited above we must hold that the action was not commenced until the summons was delivered to the sheriff, which was beyond the limitation period. A valid ground therefore existed for dismissing the complaint, and the judgment, though based upon another ground, was proper.

The judgment is affirmed.

Judge BIRD not sitting.