COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,

v.

CITY OF CAMPBELLSVILLE, Kentucky, and Natural Resources and Environmental Protection Cabinet, Appellees.

Court of Appeals of Kentucky.

July 31, 1987.

Rehearing Denied Oct. 9, 1987.

Discretionary Review Denied by Supreme Court Dec. 9, 1987.

David W. McLellan, Jr., Office of Gen. Counsel, Transp. Cabinet, Frankfort, for appellant.

Fred Faulkner, Jr., Phil A. Bertram, Campbellsville, for appellee/City of Campbellsville.

Robert J. Ehrler, Sarah Orrahood Hernandez, Office of Gen. Counsel, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellee/NREPC.

Before HOWERTON, C.J., and MILLER and REYNOLDS, JJ.

MILLER, Judge.

The Commonwealth of Kentucky, Transportation Cabinet, Department of Highways (Transportation Cabinet), brings this appeal from an order of the Taylor Circuit Court dismissing its petition on appeal from an administrative agency's order. Kentucky Revised Statutes (KRS) 151.186. The appeal was dismissed as being untimely.

The origin of this controversy surrounded the repair and maintenance of the Campbellsville Reservoir Dam. On May 30, 1986, after an administrative hearing, a hearing officer for co-appellee, Natural Resources and Environmental Protection Cabinet (NREPC), submitted his report and recommendations to Charlotte E. Baldwin, secretary of NREPC, stating that the Transportation Cabinet/Department of Highways was a joint owner of the Campbellsville Reservoir Dam. The Transportation Cabinet immediately filed exceptions to the report claiming that co-appellee, City of Campbellsville, Kentucky, was the sole owner of the dam with the Transportation Cabinet having no ownership interest whatsoever.

On June 25, 1986, Baldwin signed the order in question holding that appellant

and the City of Campbellsville were joint owners of the dam, and ordering both parties to implement repair and improvement of same. The order was actually filed with the Division of Hearings of the NREPC and mailed to interested parties on June 27, 1986.

Appellant then filed its petition on appeal in the Taylor Circuit Court on July 26, 1986. Exhibit A (a copy of the administrative order) of the petition was received by the circuit court clerk on July 29, 1986. The court dismissed the action holding that the Transportation Cabinet failed to commence its appeal within the required 30 days of the "rendition" of the order as provided in KRS 151.186. The court concluded that the term "rendition," as used in that statute, was synonymous with the act of signing by the secretary. It, therefore, concluded that the order was rendered on the date it was signed by Baldwin—June 25, 1986. We find no authority interpreting the statute in question.

■ The issue before this court is when the administrative order appealed from was rendered for the purpose of determining the 30-day period for appeal under KRS 151.186 which requires that a petition on appeal be filed in the circuit court within 30 days of the "rendition" of the administrative order. The City of Campbellsville contended, and the circuit court agreed, that the order was rendered June 25, 1986, the date it was signed by Secretary Baldwin. We disagree, however.

In rendering an administrative order, the NREPC must comply with the requirements of KRS 151.184(1) which provides, in relevant part, as follows:

> After the conclusion of the hearing, the hearing officer shall within thirty (30) days make a report to the secretary and a recommended order which shall contain a finding of fact and a conclusion of law.... The secretary shall consider the report and recommended order and pass upon the case. The decision shall be served by mail upon all parties and shall be a final order of the cabinet.

The NREPC has adopted specific procedures to fulfill the foregoing statute. The record demonstrates that the final statutory requirement (mailing to the parties) for rendition of an order is met by the Division of Hearing's mailing of same at the time it is filed, regardless of when it was signed by the secretary. Further, we are plausibly advised that the orders are not mailed by the secretary's office, but, in all cases, by the Division of Hearings. To hold that an administrative order is rendered when it is merely signed and not yet filed of record and directed (mailed) to interested parties would, in our judgment, contravene the foregoing provisions of KRS 151.184. We hold that the order appealed from was rendered June 27, 1986, when the NREPC finally discharged its duties as prescribed by the statute, which included the signing and filing of the order along with mailing to interested parties. Our holding is consistent with a view expressed many years ago in an appeal from what was then the Workmen's Compensation Board. *See Jones v. Davis*, 246 Ky. 293, 54 S.W.2d 681 (1932).

Because the Transportation Cabinet filed its petition on appeal on July 26, 1986, it was within the 30-day requirement set out in KRS 151.186(1). The fact that Exhibit A was not filed until after the 30-day period is of no consequence. KRS 151.186(1) states that an appeal may be taken by filing "a petition which states fully the grounds upon which review is sought and assigns all errors relied on." Exhibit A was merely a copy of the NREPC's order which was already a part of the record.

■ It is further argued the Transportation Cabinet's appeal to the circuit court fails for reason the secretary was not timely served. KRS 151.186(1) provides, in relevant part, as follows:

> *The cabinet shall be named respondent, and service shall be had on the secretary.* Summons shall be issued upon the petition directing the cabinet to send its entire record, properly bound, to the clerk of the circuit court after certifying that such record is its entire original record or a true copy thereof, which shall be filed by the clerk of the circuit court and considered by the circuit court on the review. (emphasis added)

Interpreting the foregoing statute, we deem neither the issuance of summons nor

**164**

actual service of same upon the secretary is a condition precedent to the commencement of an action challenging an order of the cabinet. Under statute (KRS 23A.010(4)), an appeal to the circuit court from an order of an administrative agency is not a true appeal but rather an original action. *See Sarver v. County of Allen,* Ky., 582 S.W.2d 40 (1979). Under our system, civil actions are commenced by (1) the filing of a complaint (petition), and (2) the issuance of summons (or warning order) in good faith. KRS 413.250 and Kentucky Rules of Civil Procedure (CR) 3. Service upon "the Commonwealth or any agency thereof" is had by serving the attorney general or any assistant attorney general. CR 4.04(6). CR 4.01 directs the clerk to forthwith issue summons upon the filing of a complaint, at the direction of the initiating party. Here, when the petition was filed, the clerk was directed to serve the attorney general, and only later directed to issue service upon Secretary Baldwin. While we do not hold that issuance of summons upon the secretary would not have commenced the action, we do hold that issuance of summons upon the attorney general, as per the foregoing statutory and civil rule provisions, did in fact commence the action. Once commenced, the mere delay in serving the secretary did not defeat the action. *Cf. Commonwealth, Dept. of Highways v. Parker,* Ky., 394 S.W.2d 899 (1965).

For the foregoing reasons, the judgment of the Taylor Circuit Court is reversed and remanded for proceedings consistent with this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.