**METRO MEDICAL IMAGING, LLC, Appellant,**

v.

**COMMONWEALTH of Kentucky, Cabinet for Health Services, Certificate of Need Office; Baptist Healthcare System, Inc.; Norton Hospitals, Inc.; Caritas Health Services, Inc.; and Jewish Hospital Healthcare Services, Inc., Appellants.**

No. 2004–CA–001463–MR.

Court of Appeals of Kentucky.

Sept. 16, 2005.

Bruce A. Brightwell, Louisville, KY, for appellant.

Michael D. Baker, Lexington, KY, Marian J. Hayden, Frankfort, KY, Mathew R. Klein, Jr., Covington, KY, for appellee.

Before COMBS, Chief Judge; HENRY and TACKETT, Judges.

*OPINION*

HENRY, Judge.

Metro Medical Imaging (MMI) operates diagnostic imaging facilities at locations on Dupont Circle, Newburg Road and Dixie Highway in Louisville. The Cabinet for Health and Family Services determined that MMI is not exempt from either the Certificate of Need or licensing requirements of KRS[1] Chapter 216B, and must therefore apply for a Certificate of Need and obtain a license in order to continue in operation. MMI attempted to appeal the Cabinet's ruling pursuant to the provisions of KRS 216B.115(2).

---

1. Kentucky Revised Statutes.

The pertinent facts of the case are not in dispute, and only one issue is presented on appeal; that is, whether the Franklin Circuit Court properly dismissed MMI's appeal for failure to comply with the requirements of the statute. MMI filed a petition for review of the Cabinet's ruling in the Franklin Circuit Court within thirty days after notice of the final decision, but failed to cause summons to be issued on the petition until the thirty-fourth day after notice of the final decision. The circuit court granted the appellees' motion to dismiss, and this appeal followed.

KRS 216B.115 says, in its entirety:

(1) An appeal to the Franklin Circuit Court may be taken from any final decision of the cabinet with respect to a certificate-of-need application, a certificate of need, or a license, by any party to the proceedings.

(2) An appeal may be taken by filing a petition for review in the Franklin Circuit Court within thirty (30) days after notice of the final decision unless a request for reconsideration has been filed, in which case the petition shall be filed within fifteen (15) days of the cabinet's decision not to reconsider or notice of its decision on reconsideration. The petition shall state completely the grounds upon which the review is sought and shall assign all errors relied upon. The petitioner shall serve a copy of the petition to each person who was a party to the proceedings. *Summons shall be issued upon the* petition directing the adverse party or parties to file an answer within twenty (20) days after service of summons. The cabinet shall, upon being served with the summons and within thirty (30) days thereafter, file a copy of the record, duly certified by the secretary, the cost of the record to be taxed as costs upon appeal. In lieu of filing of the record, an abstract thereof may be filed if all parties to the appeal agree. (Emphasis added).

■ As the Franklin Circuit Court noted in its Opinion and Order, the dispute in this case concerns the interpretation and application of KRS 216.115. We review such matters *de novo*. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transportation Cabinet,* 983 S.W.2d 488, 490–91 (Ky.1998), *citing Reis v. Campbell County Bd. of Educ.,* 938 S.W.2d 880, 886 (Ky. 1996) and *Epsilon Trading Co., Inc. v. Revenue Cabinet,* 775 S.W.2d 937, 940 (Ky. App.1989).

■ It is clearly established in our law that appellate review of the acts of administrative agencies is not a matter of right, but of legislative grace. Therefore "[w]hen grace to appeal is granted by statute, a strict compliance with its terms is required." *Bd. of Adjustments of the City of Richmond v. Flood,* 581 S.W.2d 1, 2 (Ky.1978). If MMI failed to comply with statutory requirements no appeal is possible because "the court lacks jurisdiction or has no right to decide the controversy." *Id.* (Citations omitted).

■ MMI concedes that the statute requires that a summons be issued, but argues that there is no requirement that it be issued within thirty days after notice of the final decision. In MMI's view it is necessary for us to add words to the statute supplying the requirement of causing summons to be issued within thirty days, which the rules of statutory construction will not permit us to do. We disagree.

In this case MMI caused summons to be issued four days after the time to file an appeal had expired, after the Cabinet filed a motion to dismiss. The dispositive question in the case can be put as: Does the phrase "[s]ummons shall be issued upon the petition" mean that summons must be issued within the same time period as the

petition for review, or may summons be issued at a later time? Or, to be more succinct, what does "upon the petition" mean in this statute? The circuit court concluded that by the "plain language" of the statute, summons is required to be issued within the thirty-day period. The court gave no authority in support of its conclusion.

The discussion found at *Com., Transp. Cabinet, Dept. of Highways v. City of Campbellsville,* 740 S.W.2d 162, 164 (Ky. App.1987), while not dispositive, is informative on the issue. As discussed there, "an appeal to the circuit court from an order of an administrative agency is not a true appeal but rather an original action." *Citing* KRS 23A.010(4) and *Sarver v. County of Allen,* 582 S.W.2d 40 (Ky.1979). That being true, the actions necessary to take an appeal from an administrative agency to the circuit court are those actions necessary to commence a civil action. "Under our system, civil actions are commenced by (1) the filing of a complaint (petition), and (2) the issuance of summons (or warning order) in good faith." *City of Campbellsville* at 164, *citing* KRS 413.250 and CR[2] 3. If the action is commenced by the filing of the petition *and* the issuance of summons, and only one time period is specified, it must follow that both actions must be taken within the period of time provided in the statute. We also particularly note the language of CR 3: "A civil action is commenced by the *filing of a complaint* with the court *and the issuance of a summons* or warning order *thereon* in good faith." (Emphasis added). In the rule it is clear that "thereon" refers to the complaint. The wording admits of only one interpretation: that is, that an action is commenced by filing a complaint, and issuing a summons or warning order on that complaint. It is clear to us that "upon

the petition" in KRS 216B.115(2) means the same thing as "thereon" in CR 3.

In *City of Campbellsville* the court held that the filing of a petition and the issuance of summons commenced the action. Once the action was properly commenced, delay in serving the proper party was not fatal to the action. *City of Campbellsville* at 164. On the other hand, failure to cause the summons to be timely issued bars a cause of action even if the complaint has been timely filed. CR 3; *Delong v. Delong,* 335 S.W.2d 895 (Ky.1960); *Eades v. Clark Distrib. Co.,* 70 F.3d 441 (6th Cir. 1995), *cert. denied,* 517 U.S. 1157, 116 S.Ct. 1545, 134 L.Ed.2d 649 (1996). Here the action was not commenced within the prescribed time, leaving the circuit court without jurisdiction over the case. *Bd. of Adjustments of the City of Richmond v. Flood* at 2.

The Opinion and Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

---

2. Kentucky Rules of Civil Procedure.